UNITED STATES DISTRICT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CR. NO. C-08-637 |
| | § | |
| ORLANDO GUTIERREZ | § | |

# DEFENDANT ORLANDO GUTIERREZ'S STATEMENT AND OBJECTIONS TO PRE-SENTENCE REPORT

1. Paragraph 3 states: "(S)hould the defendant provide substantial assistance, the Government will motion for a downward departure at the time of sentencing."

2. The defendant states he provided substantial assistance on January 05, 2008 in a debriefing session in the federal courthouse in Corpus Christi with Megan Beckett, with the FBI, one male ATF agent and Assistant U.S. Attorney Rob McDonald, and counsel for Orlando Gutierrez, Mark A. Di Carlo, present.

3. The defendant requests that "substantial assistance" be discussed in a sealed envelope attached to the Pre-Sentence Investigation Report. Federal Rule of Criminal Procedure Rule 35(b) states, "In evaluating whether the defendant had provided substantial assistance, the court may consider the defendant's pre-sentence investigation report."

4. Federal rule criminal procedure 32(d) states the pre-sentence report must "identify" any basis for departing from the applicable sentencing range.

5. Paragraph 24 states that the defendant should be a career offender

because he has two prior drug convictions for delivery of cocaine in Cause No. 98-CR1890-E and 98-CR1090-E.

6. Objection to Paragraph 24. Prior Sentences imposed in related cases are to be treated as one sentence.

7. The defendant has one sentence of imprisonment for both cases. § 4A.2.(a)(2). A Nueces County District Clerk computer search is attached as Exhibit A and B. The defendant arrested on 01/16/98 for both charges; Both charges were for "manufacturing/delivery of a controlled substance analogue PG>1= 1G<4G." The sentencing date was 10/14/99 for both cases, both sentences were in Court E in Nueces County to run concurrent with each other. See Entry No. 0027 on Ex. A and Entry No. 0029 on Ex. B. The judgments on the motion to revoke are both filed on 10/14/09.

8. Objection to Paragraph 53. The defendant received three (3) points for delivery of cocaine, at which he received a sentence on 07/07/98 and which he received a concurrent sentence with 98-CR-0190. See paragraph 52. The defendant objects to the addition of three points. (-3).

9. Objection to Paragraph 54. The defendant received two (2) points on his criminal history for an escape from custody. However, the defendant was given 60 days on the two related cases on a concurrent case. The defendant objects to the addition of two points in paragraph 54. (-2).

10. Paragraph 59. The defendant was sentenced on 08/12/05 to 60 days in jail for Cause No. 2004-2700-2 to run concurrent with:

04-CR-4395-H;

04-CR-1755;

05-CR-0576-H;

2005-5283-2;

2004-5563-2.

11. Objection to Paragraph 60. Two points are added. The defendant received two (2) points for the unlawful restraint on 08/12/05 in Cause No.04-CR-1755-H. The defendant objects to the addition of two (2) points because the case ran concurrent with 2004-2700-2. (-2).

12. Objection to Paragraph 61. The defendant was given three years TDC on a 05/29/04 retaliation on 08/12/05 in Cause No. 04 CR-4395-H However that case was run consecutively with 04-CR-1755-H. Therefore, the defendant should receive three points for this case; that is one additional point over the points added for 04-CR-1755-H. The defendant objects to the addition of two points. (-1).

13. Objection to Paragraph 62. The defendant objects to three (3) points given for bail jumping and failure to appear in Cause No. 05-CR-0576-H on 08/12/05 because this sentence was served concurrent with:

04-CR-4395-H;

04-CR-1755;

05-CR-0576-H;

2005-5283-2;

2004-5563-2.  (-3).

14. Objection to Paragraph 63. The defendant objects to three (3) points being added for 05-CR-0576-H on 08/12/05 because this case was sentenced on 01/18/08, the same date as:

    04-CR-4395-H;

    04-CR-1755;

    05-CR-0576-H;

    2005-5283-2;

    2004-5563-2.    (-3).

15. Objection to Paragraph 64. The defendant objects to two (2) points for evading arrest detention on 08/12/05 2005-5283-2. The defendant was given this sentence concurrently with:

    04-CR-4395-H;

    04-CR-1755;

    05-CR-0576-H;

    2005-5283-2;

    2004-5563-2.    (-2).

16. Objection to Paragraph 65. The defendant asserts his criminal history category is a seven and not a 26.

17. Objection to Paragraph 66. The defendant asserts an addition of two (2) points gives a criminal history category of nine, or category IV.

18. Objection to Paragraph 67. The defendant objects to a total offense level of 29 and a criminal history category of VII. The defendant asserts that he has a total offense level of a criminal history category of IV for a

sentence of 12-18 months.

19. Objection to Paragraph 68, 69, 71, 72, 74, 75, 79, 80, 81, 82, 83, 84, 85, 86, 88. The defendant objects to the recitation of other adult criminal conduct because the information is not "reliable information". § 4A1.3. The defendant was not charged for the following offenses and was only listed as a "suspect": Paragraphs 68, 69, 71, 72, 74, 75, 79, 80, 81, 82, 83, 84, 85, 86, 88.

20. Objection to Paragraph 70. The defendant, Orlando Gutierrez,"named as an involved party." The defendant objects to the recitation of this conduct because it's not "reliable information". §4A1.3.

21. The defendant objects to paragraph 76. The defendant objects, "Dismissed due to insufficient evidence."

22. Objection to Paragraph 101. The defendant objects to a total offense level of 29 and a criminal history category of VI. The defendant asserts his total offense level is a nine and his criminal history category is a IV for a sentencing guideline range of 12-18 months.

23. The statement regarding paragraph 103. The defendant requests the government make a suitable motion for downward departure.

24. Objection to Paragraph 118. The defendant asserts that his criminal history category is over represented by the pre-sentence investigation report.

## CERTIFICATE OF SERVICE AND CERTIFICATE OF CONSULTATION

This is to certify that a true and correct copy of the above-entitled and numbered motion has been served by regular mail, and/or by facsimile, and/or by certified mail, on this 6th day of March, 2009 to the following:

Rob McDonald
Assistant U.S. Attorney
800 N. Shoreline, Suite 500
Corpus Christi, TX 78476
(361) 888-3111

Counsel faxed over Defendant's Statement and Objections to Pre-Sentence Report to Assistant U.S. Attorney Rob McDonald on 03/04/09. Today is 03/06/09 and counsel has yet to receive a response from Mr. McDonald.

|  |  |
|---|---|
| By: | Respectfully submitted,<br>/s/ Mark Di Carlo<br>Mark A. Di Carlo<br>Attorney for Defendant<br>La Solana Building<br>722 Elizabeth St.<br>Corpus Christi, TX 78404<br>(361) 888-6968<br>FAX (361) 887-6410<br>SBN: 05812510<br>FBN: 6839 |

# UNITED STATES DISTRICT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CR. NO C-08-637 |
| | § | |
| ORLANDO GUTIERREZ | § | |

## ORDER ON MOTION FOR CONTINUANCE FOR OBJECTIONS TO PRESENTENCE REPORT

The court having considered the Defendant's Statement and Objections to Pre-Sentence Report **GRANTS/ DENIES** the Defendant's Motion.

The court grants the following objections to paragraphs: 24, 53, 54, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 74, 75, 76, 79, 80, 81, 82, 85, 84, 85, 86, 88, 101, 103, 118.

The court denies the following objections to paragraphs: 24, 53, 54, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 74, 75, 76, 79, 80, 81, 82, 85, 84, 85, 86, 88, 101, 103, 118.

Signed on this _____ day of _____, 2009.

_____
Judge Presiding